MR. & Mrs. B, on behalf of M.B.,
Plaintiffs–Appellants,*

v.

EAST GRANBY BOARD OF
EDUCATION, Defendant–
Appellee.

No. 05–6621–cv.

United States Court of Appeals,
Second Circuit.

Oct. 27, 2006.

---

\* We direct the clerk to alter the official caption to reflect the fact that there are two plaintiffs-appellants in this case.

Winona W. Zimberlin, Law Offices of Winona W. Zimberlin, Esq., Hartford, CT, for Plaintiff–Appellant.

Hugh W. Cuthbertson, Zangari Hershman PC, New Haven, CT, for Defendant–Appellee.

Present: AMALYA L. KEARSE, SONIA SOTOMAYOR and BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Plaintiffs-appellants Mr. and Mrs. B., on behalf of their minor son M.B., appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, *J.*) affirming on a summary judgment motion a Connecticut Department of Education Hearing Officer's determination that the individualized educational plans ("IEPs") prepared for the plaintiffs for the fifth and sixth grades by the defendant, East Granby Board of Education (the "Board"), were appropriate to meet M.B.'s educational needs, and that the Board was liable to plaintiffs only for reimbursement of certain experts' fees, but not tuition at the private school M.B. attended during the years in question. We assume that the parties and counsel are familiar with the facts and procedural history of this case and the scope of the issues presented on appeal.

We review a district court's grant or denial of summary judgment in an Individuals with Disabilities Education Act ("IDEA") case *de novo*. *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 83 (2d Cir.2005). District courts are to employ a preponderance of the evidence standard in evaluating IDEA petitions. *M.S. ex rel. S.S. v. Bd. of Educ. of*

*the City Sch. Dist. of Yonkers,* 231 F.3d 96, 102 (2d Cir.2000).

■ Plaintiffs argue that the Board did not comply with the procedural elements of the IDEA because it did not evaluate M.B. fully and did not base its IEPs on the recommendations of the experts retained by the plaintiffs for n europsycho logical and psychological evaluations. Plaintiffs contend that, because the hearing officer regarded these evaluations as "necessary," they should have formed the basis of the IEPs. The district court had ample evidence in the record, however, to support its finding that M.B.'s IEPs provided him with a "basic floor of opportunity," *Grim v. Rhinebeck Central Sch. Dist.,* 346 F.3d 377, 379 (2d Cir.2003) (internal quotation marks omitted), in compliance with the mandates of the IDEA. The fifth- and sixth-grade IEPs both provided plans for M.B.'s education and prescribed interventions that anticipated the suggestions of the experts whom plaintiffs retained. Indeed, the very expert whose testimony the hearing officer deemed "necessary" found "very little to disagree with" in the sixth-grade IEP. The preponderance of the evidence thus supported the district court's finding that the IEPs were in procedural compliance with the mandates of the IDEA.

■ We likewise reject plaintiffs' related argument that the IEPs were substantively inappropriate. Plaintiffs argue that the IEPs cannot be in compliance with the IDEA because they were based on inappropriate evaluations, and because they failed to incorporate the "unanimous" expert conclusion that M.B. required a small setting for his education. Again, the preponderance of the evidence supports the district court's determination that the IEPs were "reasonably calculated to enable the child to receive educational benefits." *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester County v. Rowley,* 458 U.S. 176, 207, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). As discussed above, plaintiffs' argument that the Board erred in not relying on the expert evaluations is without merit. Plaintiffs' subsidiary argument that the IEPs failed to provide M.B. with a small setting is similarly unavailing. Both IEPs countenanced the provision of special education instruction in small settings and the provision of general instruction with an eye towards increasing M.B.'s contact with his teachers. In addition, both IEPs were subject to "appropriate adjustments to the established goals and objectives for the student." We therefore find no error in the district court's determination that the IEP substantively complied with the mandates of the IDEA.

■ Under the IDEA, parents may only be reimbursed for private placement if both the IEPs proposed by the school district were inappropriate and the private placement was appropriate to the child's needs. *See Sch. Comm. of Burlington v. Dep't of Educ. of Mass.,* 471 U.S. 359, 370, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985). Because we have determined that the IEPs were both procedurally and substantively appropriate, plaintiffs cannot, as a matter of law, succeed on their claim for reimbursement of tuition for M.B.'s fifth and sixth grade education. We note, however, that the district court's finding that "the plaintiffs may not bring their claim for tuition reimbursement to this Court because they failed to raise it at the due process hearing" is erroneous. The due process hearing officer's decision clearly states that plaintiffs sought "full reimbursement from the LEA [local education agency] for the cost of educational and related services" for the years in question, and also clearly notes that the plaintiffs' "request for reimbursement of the costs of education and related services incurred in

the student's private placement for those years is denied." Likewise, the district court erred in ruling that Connecticut state law limits the issues that can be raised at a due process hearing to those already raised at a "Planning and Placement Team" meeting. The district court noted earlier precedent finding this state law provision "consistent with" the IDEA's administrative exhaustion requirements. But in 2003, prior to the district court's decision, Connecticut repealed the provision in question, Conn. Gen.Stat. § 10–76h(a)(1), after the United States Department of Education had warned that it conflicted with the IDEA. *See Lillbask,* 397 F.3d at 91–92. These errors by the district court are harmless, however, because, as noted above, plaintiffs cannot succeed on a tuition reimbursement claim as a matter of law.

We nevertheless remand to the district court on the issue of attorneys' fees for two reasons. First, the district court suggests that "the hearing officer awarded the plaintiffs 10.3% of their attorneys' fees and costs, or $3,093.09." We find nothing in the record to suggest that the hearing officer made an award of attorneys' fees; indeed, it would have been inappropriate for the hearing officer to have done so, as the award of attorneys' fees is a district court function. *See* 20 U.S.C. § 1415(i)(3)(B) (providing district courts with the discretion to "award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party"). On remand, it is incumbent upon the district court to conduct its own calculation of the appropriate attorneys' fee award for plaintiffs' partial victory, and to issue a judgment reflecting that award. Second, it appears that the district court, to the extent that it made any calculations, relied on a percentage formula to calculate the attorneys' fees in question. In IDEA cases, we require district courts to employ the "lodestar ap-

proach whereby an attorney fee award is derived by multiplying the number of hours reasonably expended on the litigation [by] a reasonable hourly rate." *I.B. v. N.Y. City Dep't of Educ.,* 336 F.3d 79, 80 (2d Cir.2003) (per curiam) (internal quotation marks omitted). As the district court judgment itself made no award of attorneys' fees and merely granted judgment in favor of the defendant, the judgment has the effect of denying plaintiffs any attorneys' fees. Accordingly, we vacate the judgment to that extent. On remand, the district court must calculate an appropriate attorneys' fee award by using the lodestar approach, and may make adjustments based on several factors, including in particular the results obtained by the parties. *See id.* at 81 ("We have repeatedly held that we apply the full *[Hensley v.] Eckerhart* procedure to IDEA fee awards."); *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (including "results obtained" among the "considerations that may lead the district court to adjust the fee upward or downward").

Plaintiffs' motions under Fed.R.Civ.P. 59(e) and Fed.R.Civ.P. 60(a) and 60(b)(6) concerned an apparent error in the district court's opinion regarding whether the hearing officer had awarded attorneys' fees to the plaintiffs. As we noted above, the hearing officer clearly did not do this, as the statute commends that function to the district court. Our remand to the district court for calculation of reasonable attorneys' fees thus moots plaintiffs' appeal of the district court's decision denying their motions.

For the foregoing reasons, the judgment is AFFIRMED in part and VACATED and REMANDED in part for proceedings not inconsistent with this order.