12-4520-cv(L)
*C.G. v. Ithaca City School District*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

C.G., individually and as parent and next friend of J.M.G.,
a child with a disability,

> *Plaintiffs-Appellants-Cross-Appellees,*

v.

ITHACA CITY SCHOOL DISTRICT,

> *Defendant-Appellee-Cross-Appellant.*

Nos. 12-4520-cv(L);
12-4522-cv(CON)

---

**FOR PLAINTIFFS-APPELLANTS:**     Jason H. Sterne, Phillip B. Abramowitz, Andrew K. Cuddy, Cuddy Law Firm, P.C., Auburn, NY.

**FOR DEFENDANT-APPELLEE:**     Jonathan B. Fellows, Kate I. Reid, Bond, Schoeneck & King, PLLC, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's September 24, 2012 judgment is **AFFIRMED**.

Plaintiffs-appellants-cross-appellees C.G., individually and on behalf of J.M.G. ("C.G."), appeal and defendant-appellee-cross-appellant Ithaca City School District ("Ithaca") cross-appeals from the District Court's September 24, 2012 judgment awarding C.G. attorneys' fees as the prevailing party in an administrative action under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

On June 23, 2011, C.G. sent Ithaca a request for a "due process hearing," alleging that Ithaca had denied J.M.G. a free and appropriate public education ("FAPE"). On July 12, 2011, Ithaca provided C.G. with a proposed "Memorandum of Agreement" purporting to address C.G.'s concerns, which C.G. rejected the next day, resulting in the underlying administrative action. On September 12, 2011, an Impartial Hearing Officer ("IHO") determined that Ithaca had in fact denied J.M.G. a FAPE and ordered Ithaca to take certain remedial steps. Ithaca then appealed to the State Review Officer ("SRO"), who annulled certain portions of the IHO's decision, but affirmed the majority of it.

On December 15, 2011, C.G. filed suit in the District Court seeking attorneys' fees from Ithaca as a "prevailing party" under 20 U.S.C. § 1415(i)(3)(B)(i)(I). The District Court awarded fees for time spent prior to Ithaca's July 12 settlement offer and time spent on the instant fee action. With regard to time spent on the administrative action, the District Court held that C.G. was entitled to remuneration for only twenty percent of the hours billed in light of the substantial similarity between the administratively-ordered relief and the proposed relief contained in the July 12 offer. Applying an hourly rate of $275 per hour, the Court ultimately awarded attorneys' fees in the amount of $16,830 plus costs. C.G. now appeals, and Ithaca cross-appeals the District Court's award.

## DISCUSSION

We generally review a District Court's grant of attorneys' fees under the IDEA for abuse of discretion, *J.C. v. Reg'l Sch. Dist. 10, Bd. of Educ.*, 278 F.3d 119, 123 (2d Cir. 2002). "We review *de*

*novo* the District Court's interpretation of the relevant fee statute itself[,] . . . interpret[ing] the IDEA fee provisions in consonance with those of other civil rights fee-shifting statutes." *I.B. ex rel. Z.B. v. N.Y. City Dep't of Educ.*, 336 F.3d 79, 80 (2d Cir. 2003); *see also Pres. Coal. of Erie Cnty. v. Fed. Transit Admin.*, 356 F.3d 444, 450 (2d Cir. 2004) (reviewing *de novo* the legal question of whether a litigant is a prevailing party).

On appeal, the parties dispute: (1) whether the District Court erred in concluding that C.G. was the prevailing party in the administrative action; (2) assuming C.G. did prevail, whether an award of attorneys' fees accrued after the settlement offer was made is prohibited because the IHO-ordered relief was not more favorable than the relief proposed in the prior settlement offer; and (3) whether the District Court erred in reducing C.G.'s attorneys' fees for time spent on the administrative action by eighty percent.

**A.**

The threshold question presented on this appeal is whether C.G. is a prevailing party to whom the District Court was permitted to award attorneys' fees. The IDEA contains a fee-shifting provision under which a District Court, in its discretion, may award attorneys' fees "to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). "[A] prevailing party is one who has achieved a judicially sanctioned change in the legal relationship of the parties, via a judgment on the merits or a court-ordered consent decree." *Mr. L. v. Sloan*, 449 F.3d 405, 406-07 (2d Cir. 2006) (citing *Buckhannon Board & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)). In *A.R. ex rel. R.V. v. N.Y. City Dep't of Educ.*, 407 F.3d 65 (2d Cir. 2005), we extended this definition of "prevailing party" to "a plaintiff who receives IHO-ordered relief on the merits in an IDEA administrative proceeding." *Id.* at 75.

Ithaca argues that C.G. was not a prevailing party because Ithaca had already agreed in the July 12 settlement offer to provide the relief that the IHO ultimately awarded. Yet a "plaintiff who receives IHO-ordered relief on the merits in an IDEA administrative proceeding is a 'prevailing party,'" regardless of any prior settlement offer, because an IHO's decision "changes the legal relationship between the parties: Its terms are enforceable, if not by the IHO itself, then by a court, including through an action under 42 U.S.C. § 1983." *Id.* at 75-76; *cf. Raishevich v. Foster*, 247 F.3d 337, 345 (2d Cir. 2001) (holding in the § 1983 context that plaintiff was a prevailing party "despite the fact that he received a lesser [damages] amount than he sought, because a 'judgment for damages in any amount . . . modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay.'" (quoting *Farrar v. Hobby*, 506

3

U.S. 103, 113 (1992))).[1]  Accordingly, C.G. was a prevailing party notwithstanding her rejection of the July 12 settlement offer.

## B.

Even when a party prevails, the IDEA prohibits an award of attorneys' fees "for services performed subsequent to the time of a written offer of settlement to a parent" if, among other requirements, "the court . . . finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." 20 U.S.C. § 1415(i)(3)(D)(i)(III).  The District Court held that this prohibition did not apply here because, *inter alia*, the IHO ordered compensatory counseling, which was not part of the July 12 settlement offer.

Ithaca now argues that this relief was not "obtained" by C.G. because she did not request it in the notice of a due process hearing nor during the so-called "impartial hearing" before the IHO. But whether the relief was initially sought by the plaintiff is a matter for the District Court to consider—as it did here—in deciding the appropriate size of the award; the *sua sponte* nature of the relief does not operate as a bar on attorneys' fees altogether.  Since the compensatory counseling was not previously offered by Ithaca, the administrative relief obtained by C.G. was more favorable, albeit only marginally, than the prior settlement offer, and the prohibition on attorneys' fees does not apply.

## C.

Once the fees threshold is crossed, a district court must calculate fees using the "lodestar" approach set forth in *Millea v. Metro–North R.R. Co.*, 658 F.3d 154 (2d Cir. 2011), whereby a fee award is derived by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* at 166-67.  "A District Court may adjust the lodestar when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee," *id.* at 167 (internal quotation marks omitted), such as cases where the plaintiff only had a small "degree of success," *see Barfield v. N.Y.C. Health & Hospitals Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (defining "degree of success" as "the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve" (internal quotation marks omitted)).

The District Court engaged in exactly this inquiry.  It applied the customary rate for attorneys in the community, which it found to be $275 per hour, and it considered the total number

---

[1] This view is in line with those of sister courts of appeal that have considered the issue, each of which has held that a party in an IDEA action who rejects a settlement offer and later obtains no more than what was offered still prevails by obtaining judicially sanctioned relief.  *See Gary G. v. El Paso Indep. Sch. Dist.*, 632 F.3d 201, 208 (5th Cir. 2011); *Alegria ex rel. Alegria v. District of Columbia*, 391 F.3d 262, 267 (D.C. Cir. 2004); *T.D. v. LaGrange Sch. Dist. No. 102*, 349 F.3d 469, 476 (7th Cir. 2003); *John T. ex rel Paul T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 557 (3d Cir. 2003).

of hours expended.  It then took care to examine C.G.'s limited success in the administrative action—as measured by the administrative relief C.G. sought and obtained compared to the concessions Ithaca had already made in the July 12 settlement offer—and adjusted the fees for time spent in that action downward by eighty percent.  *See id.* at 152-53 (affirming a reduction of the lodestar figure by fifty percent because plaintiff had failed in her "primary aim" of gaining collective action certification).  Accordingly, we conclude that the District Court did not err in awarding $16,830 plus costs to C.G.

## CONCLUSION

We have considered all of the parties' remaining arguments on appeal and find them to be without merit.  For the reasons stated above, we **AFFIRM** the September 24, 2012 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk